WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosita George,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>　　　　　Defendant. | No. CV-24-08102-PCT-DGC<br><br><br>**ORDER** |

Plaintiff Rosita George, a member of the Navajo Nation, seeks judicial review of an administrative decision by Defendant Office of Navajo and Hopi Indian Relocation ("ONHIR"). Doc. 1. The parties have filed cross motions for summary judgment. Docs. 12, 21-1. The issues are fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will deny Plaintiff's motion and grant ONHIR's motion.

**I.   Background.**

In 1882, President Chester A. Arthur set aside a 2.5-million-acre reservation for the Hopi Nation and "such other Indians as the Secretary of the Interior may see fit to settle thereon." *Bedoni v. Navajo-Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1121 (9th Cir. 1989). Members of the Navajo Nation subsequently settled on the reservation alongside the Hopi. *Id.* Attempts to resolve resulting inter-tribal conflicts ultimately led to the Navajo-Hopi Settlement Act of 1974. *Id.* The Act authorized a district court to

partition the reservation and created ONHIR's predecessor to help relocate tribal members who resided on land partitioned to the other tribe. *Id.* at 1121-22.

To be eligible for relocation benefits, a Navajo applicant has the burden of showing that she was (1) a legal resident of the Hopi Partitioned Lands ("HPL") on December 22, 1974, and (2) a head of household on or before July 7, 1986. 25 C.F.R. § 700.147. A person who was not married in 1986, like Plaintiff, may prove she was a "head of household" by showing that she "actually maintained and supported" herself. 25 C.F.R. § 700.69(a)(2). ONHIR does not specify an income at which an applicant actually maintains and supports himself or herself, but it has often held that "an applicant who earn[s] at least $1,300 per year can make a prima facie showing of self-supporting status." *Ambrose v. Off. of Navajo & Hopi Indian Relocation*, No. CV-21-08133-PCT-DLR, 2022 WL 3921115, at *3 (D. Ariz. Aug. 31, 2022); *see also Benally v. Office of Navajo & Hopi Relocation*, No. 13-CV-8096-PCT-PGR, 2014 WL 523016, at *3 (D. Ariz. Feb. 10, 2014).

Plaintiff Rosita George applied for relocation benefits on January 13, 2009. A.R. 24. ONHIR rejected her application, finding that she was not a head of household on or before July 7, 1986. A.R. 56-57. The agency found insufficient evidence for Plaintiff's claim that she supported herself in 1985 by earning $1,500 in cash through selling Kachina dolls and lamps. A.R. 56. Plaintiff appealed the decision (A.R. 63) and an Independent Hearing Officer ("IHO") held a hearing in August 2013 in which Plaintiff and others testified. *See* A.R. 104-38. The IHO found that their testimony about Plaintiff's work selling Kachina dolls and lamps was not credible due to inconsistencies and lack of corroborating evidence, and upheld ONHIR's denial of relocation benefits. A.R. 170-73. ONHIR entered a final agency action in her case on December 5, 2013. A.R. 176.

Plaintiff sought judicial review in September 2017. Doc. 1, CV-17-08200-PCT-DLR. Her complaint appealed the final agency action denying her relocation benefits and also claimed that ONHIR breached its trust obligations to manage and distribute relocation funds. *Id.*; *see also Bedoni v. Navajo-Hopi Indian Relocation Comm'n*, 878 F.2d 1119,

1125 (9th Cir. 1989) (stating that ONHIR's predecessor had a trust obligation). The district court dismissed her trust obligations claim for lack of jurisdiction and granted summary judgment to ONHIR on the benefits denial. Docs. 23, 47, CV-17-08200-PCT-DLR.

On appeal, the Ninth Circuit held that "the hearing officer erred in failing to evaluate any of the evidence other than the testimony about the income from selling Kachina dolls," noting that the $1,300 income threshold was not an absolute rule and that an individual making less may still qualify for relocation benefits if other evidence shows she was self-supporting on or before July 7, 1986. *George v. Off. of Navajo & Hopi Indian Relocation*, 825 F. App'x 419, 421 (9th Cir. 2020). Other evidence offered by Plaintiff included that she stopped living with her extended family in 1986, moved in with a friend in Flagstaff, and was employed by Coconino County. *Id.* at 420. She also was not considered a dependent by ONHIR when her father's relocation benefits were determined. *Id.* at 421. The Ninth Circuit directed the district court to remand the case for "the limited purpose of weighing and considering this evidence in the first instance" without expressing any views on its veracity or the proper outcome of Plaintiff's case. *Id.*; *see* Doc. 53, CV-17-08200-PCT-DLR.

On remand, ONHIR requested a hearing before the IHO to make additional arguments about Plaintiff's head-of-household status based on the evidence already in the record, and Plaintiff requested a hearing to introduce additional evidence. A.R. 423, 429-31. The IHO denied these requests, but allowed the parties to submit written arguments. A.R. 449. On February 13, 2023, the IHO issued his remand decision. A.R. 698. It included supplemental and superseding findings of fact that considered evidence beyond Plaintiff's income. A.R. 723-726. The IHO found that Plaintiff had not shown she "actually supported and maintained herself" as a head of household before July 7, 1986 and denied her application for relocation benefits. A.R. 732.

Plaintiff now seeks judicial review of the remand decision. In Count I, she appeals the denial of relocation benefits. Doc 1 at 10. In Count II, she alleges that ONHIR

1 breached its trust obligations and violated her Fifth Amendment due process rights by delaying action to determine her benefits eligibility status. *Id.* at 11-12.

## II. Summary Judgment Standard.

A reviewing court may reverse an ONHIR decision under the Administrative Procedure Act ("APA") if it is arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 706(2)(A), (E); *see Bedoni*, 878 F.2d at 1122. A decision is arbitrary and capricious if the agency "'has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *O'Keeffe's, Inc. v. U.S. Consumer Prod. Safety Comm'n*, 92 F.3d 940, 942 (9th Cir. 1996) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Substantial evidence is "more than a mere scintilla but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chu v. Commodity Futures Trading Comm'n*, 823 F.3d 1245, 1250 (9th Cir. 2016) (internal quotation marks and citation omitted). The standard of review is deferential. The Court may not substitute its judgment for that of the agency. *River Runners for Wilderness v. Martin*, 593 F.3d 1064, 1070 (9th Cir. 2010).

"[S]ummary judgment is an appropriate mechanism for deciding the legal question of whether [ONHIR] could reasonably have found the facts as it did." *Laughter v. ONHIR*, No. CV-16-08196-PCT-DLR, 2017 WL 2806841, at *2 (D. Ariz. June 29, 2017) (internal quotation marks and citation omitted). "[T]he focal point for judicial review [under the APA] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

## III. Analysis.

Plaintiff argues for summary judgment because (1) the IHO did not follow proper procedures on remand; (2) the IHO did not properly consider evidence indicating she was living independently on or before July 7, 1986; (3) the IHO wrongly discredited testimony

about her income from the sale of Kachina dolls and lamps; and (4) ONHIR violated its trust obligations and her Fifth Amendment due process rights by failing to determine her eligibility for relocation benefits sooner.  Doc. 12, 9-17.

### A.     Remand Procedure.

Plaintiff claims that the IHO did not follow proper procedures on remand.  *Id.* at 8.  She cites *Department of Homeland Security v. Regents of the University of California*, 591 U.S. 1 (2020), which discusses how an agency should address a court's remand.  It can either provide "a fuller explanation of the agency's reason at the time of the agency action" by elaborating on the determinative reason given for the action, or it can "deal with the problem afresh" by taking new agency action.  *Id.* at 20-21 (citations omitted).  If the agency chooses to elaborate on its original action, it is limited to expanding upon the determinative reasons given and cannot provide new ones.  *Id*. at 21.  Plaintiff argues that by denying her request for an evidentiary hearing and articulating new reasons for finding she did not qualify as a head of household, the IHO impermissibly provided a post-hoc rationalization that goes beyond the scope of the initial decision.  Doc. 12 at 8.

Plaintiff's argument is not supported by the administrative record.  The remand decision was not a post-hoc rationalization.  The IHO did precisely what the Ninth Circuit required — he considered evidence in the record identified by the Court of Appeals as relevant to the head-of-household decision.  *See* A.R. 698-732; *George*, 825 Fed. Appx. at 421 ("We therefore remand the case to the district court with instructions to remand the case to the agency for the limited purpose of weighing and considering this evidence in the first instance.").  This is distinguishable from *Department of Homeland Security*, where the Secretary of Homeland Security issued a memorandum discussing her "understanding" of the Department's prior memorandum to rescind the Deferred Action for Childhood Arrivals (DACA) program and providing additional reasons not articulated in the original memorandum rather than issuing a new rescission memorandum.  *Dep't of Homeland Sec.*, 591 U.S. at 14-15.

Plaintiff does not persuasively argue that a new evidentiary hearing was required. The Ninth Circuit remanded for a "limited purpose" — to consider evidence already in the record, other than Kachina dolls sales, in deciding whether Plaintiff was self-supporting before July 7, 1986. *George*, 825 Fed. Appt. at 420.[1] The IHO evaluated this evidence in his remand decision, as discussed below. The Court cannot find that the IHO erred and lacked substantial evidence when he evaluated existing evidence in the record.

**B.     Consideration of Non-Income Factors.**

As directed by the Ninth Circuit, the IHO considered whether evidence in the record other than Plaintiff's Kachina doll sales demonstrated that she was self-supporting on or before July 7, 1986. He found Plaintiff initially moved to Flagstaff to live with her sister and extended family after graduating from high school. A.R. 723. While living with her sister, she testified, her "sister provided everything for us" including food, rent, and transportation. A.R. 719. Plaintiff tried to save money to live on her own, but was unsuccessful. A.R. 723. These findings are supported by Plaintiff's own testimony. A.R. 719-20.

Plaintiff testified that she moved into a friend's apartment in Flagstaff in June 1986 (A.R. 720), but the IHO found her testimony on this issue not credible because of inconsistent statements about how long she lived there (*id.*). She testified that she lived there for "at least a year," but also that she moved back to her parents' house only four months later in October 1986. *Id.* She provided no testimony or other evidence that she paid for rent or other living expenses while living with her friend. A.R. 720, 725. Thus, the IHO found, the evidence did not support a finding that she was self-supporting on or before July 7, 1986.[2]

---

[1] This included evidence that "by July 7, 1986, she stopped living with her extended family, lived in an apartment that she shared with a roommate, and was employed by Coconino County." *Id.*

[2] Plaintiff asserts that the Ninth Circuit made a factual finding that she was sharing an apartment in Flagstaff with a roommate in 1986, which the IHO incorrectly rejected. Doc. 18 at 14-15. But the Ninth Circuit stated only that Plaintiff offered evidence she lived in an apartment with a roommate. *George*, 825 F. App'x at 420. It did not comment on the credibility of Plaintiff's testimony or whether this factor should weigh in favor of a finding that she was self-supporting. *Id.* at 420-21.

The IHO further considered testimony that Plaintiff sometimes used her money to buy items for her parents when she returned home for visits, such as toiletries and groceries. A.R. 720. He found this testimony credible (*id.*), but that Plaintiff's level of support was not comparable to the ongoing support her sister provided to her and did not show she was self-supporting. A.R. 720-21, 725.

The IHO also considered the fact that Plaintiff was not a dependent for her father's relocation benefits, which were awarded on May 8, 1987. A.R. 726. But the IHO rationally found this was "not determinative as to whether Ms. George was self-supporting almost a year earlier on July 7, 1986." *Id.*

Plaintiff claims that the IHO's remand decision "cherry picks" evidence, focusing on factors that weigh against finding she was self-supporting and placing less emphasis on supporting evidence. Doc. 12 at 10. The Court does not agree. The IHO decision was thorough, considering evidence that supported her claim as well as evidence that detracted from it. A.R. 714-728.

In short, the IHO considered the evidence in the record other than Plaintiff's sales of Kachina dolls and lamps, and explained why he found it insufficient to show she was self-supporting. The Court cannot find that his determination was arbitrary and capricious or unsupported by substantial evidence.

**C.     Consideration of Plaintiff's Income.**

Plaintiff's motion revives her past argument that the IHO incorrectly found testimony about her income from the sale of Kachina dolls and lamps not credible. Doc. 12 at 15-17. But the Ninth Circuit's remand instructions were to consider factors *other* than her income from those sales that might show she was self-supporting. *George*, 825 F. App'x at 421. It did not find error in the IHO's credibility findings and evaluation of the evidence regarding her income. Plaintiff's arguments are therefore irrelevant to this Court's consideration of whether ONHIR followed instructions on remand and whether the IHO's decision was arbitrary and capricious.[3]

---

[3] Plaintiff asserts that the Ninth Circuit made a finding that she worked selling Kachina dolls and lamps, and that when the IHO did not find the evidence presented on this issue

7

What is more, the IHO thoroughly identified serious credibility issues with Plaintiff's claimed income from Kachina doll sales. These credibility issued included that: (1) Plaintiff initially stated under penalty of perjury that she worked full-time at Arby's in Flagstaff in 1985 and 1986 (A.R. 699), and yet also testified that, in 1985 and until June 1986, she worked more than 40 hours per week selling Kachina dolls with her sister around Arizona and in neighboring states (A.R. 714-15, 718); (2) she claimed that her sister designed and handcrafted the dolls, but later testified they were made by her brother-in-law, Donald Tsinnijinnie (A.R. 715); (3) she provided inconsistent testimony about how much she made from the dolls sales, claiming variously that she made $200-$300 per week, $200-$300 every other week, and $1,500 total in 1985 (A.R. 716-17); (4) she testified that Mr. Tsinnijinnie had records of the Kachina doll business and her work but claimed she did not know his whereabouts, while her aunt testified that Mr. Tsinnijinnie is still a well-known artist who had a business near Page, Arizona at the time of the hearing (A.R. 716-17); (5) Plaintiff never secured records of this employment despite Mr. Tsinnijinnie's apparent availability and the fact that ONHIR communicated with her several times about the need to obtain corroborating evidence regarding the Kachina doll sales (A.R. 717); (6) Plaintiff provided an inadequate explanation for her claim that she left the doll-sales work, which she loved, for a lower-paying housekeeping job that was "hard work" (A.R. 718). Based on this "conflicting information" and the "lack of detail and absence of any documentation," the IHO found that Plaintiff was "not credible as related to her alleged 'self-employment' or other alleged work selling Kachina Dolls." A.R. 718. The Court cannot conclude this was arbitrary and capricious, an abuse of discretion, or contrary to law.[4]

---

credible, it constituted reversible error. Doc. 12 at 16. This is incorrect. The Ninth Circuit stated only that Plaintiff offered evidence of her work. *George*, 825 F. App'x at 420.

[4] Plaintiff claims that the IHO acted contrary to agency guidance and case law when he relied on a lack of documentation for the Kachina sales income, but the IHO clearly did not rely on this factor in isolation. It was one of many factors the IHO identified for his credibility finding.

Plaintiff argues that the IHO incorrectly applied the $1,300 income threshold to the 7-month period in 1986 and suggests that this amount should have been prorated instead. Doc. 18 at 11. Plaintiff raised this argument for the first time in her reply brief, and the Court therefore will not consider it. *See United States v. Bunnell*, No. CR-14-00119-PHX-DGC, 2021 WL 212338, at *2 (D. Ariz. Jan. 21, 2021).

### D. Trust Obligations and Due Process.

In Count II, Plaintiff claims that ONHIR breached its trust obligations and violated her Fifth Amendment due process rights by delaying action to determine her benefits eligibility status. Doc. 12 at 12. ONHIR responds that Plaintiff did not raise these arguments during the administrative proceedings in her case and has therefore waived them. Doc. 21-1 at 15. The Court agrees. As a general rule, if a petitioner fails to raise an issue before an administrative tribunal, it cannot be raised on appeal from that tribunal. *Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir. 1985); *see also Herbert v. Off. of Navajo & Hopi Indian Relocation*, No. CV06-03014-PCT-NVW, 2008 WL 11338896, at *10 (D. Ariz. Feb. 27, 2008) (applying the rule to an ONHIR case).

Plaintiff raised the same breach of trust obligations claim in her appeal of ONHIR's first denial of her relocation benefits. Doc. 1 at 9-10, CV-17-08200-PCT-DLR. The Court dismissed this claim for lack of subject-matter jurisdiction, stating that because Plaintiff had failed to raise her claim at the agency level there was no final agency action subject to the Court's review. Doc. 23 at 4, CV-17-08200-PCT-DLR. After reviewing the administrative record, the Court finds that Plaintiff still has not asserted her breach of trust obligation claim or her due process claim before ONHIR. Thus, there is no final agency action on these claims that is reviewable by the Court.

/ / /
/ / /
/ / /
/ / /
/ / /

9

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. 12) is **denied**.
2. Defendant's cross-motion for summary judgment (Doc. 21-1) is **granted**.
3. The Clerk is directed to enter judgment consistent with this Order and terminate the case.

Dated this 4th day of June, 2025.

David G. Campbell
Senior United States District Judge